ZEHMER, Judge,
specially concurring.
I concur in the rationale of the majority opinion in all respects save one.
At oral argument, in response to questions from the court regarding the precise nature of the "interest” under section 732.-802(4) that Chatman acquired upon killing his wife, appellees argued that between the time of his wife’s death and his death, Chatman acquired an interest they described as the right to designate a new primary beneficiary under the policy. I reject this argument for the following reason.
Both the trial court and this court have concluded on this record that Chatman and his wife agreed by enforceable oral contract to designate each other as the primary beneficiary under their respective life insurance policies. Chatman’s life insurance policy reserved to him the unrestrained right to designate or change the primary beneficiary of the policy, but this contract constituted a significant limitation on that retained right. Although Chatman contractually limited his otherwise reserved right under the policy to designate or change the primary beneficiary to anyone other than his wife, however, there was no evidence that he also agreed that he would not designate a contingent beneficiary to receive the policy proceeds in the event his wife should not survive him. Accordingly, Chatman named his son as contingent beneficiary. When Chatman died without his wife surviving him, under the terms of the policy his son became entitled to receive the proceeds of the policy, not as a designated primary beneficiary, but as the contingent beneficiary. For this reason, Chat-man did not acquire any legal or property interest within the meaning of section 732.-802(4) by killing his wife, as argued by appellees. Rather, the policy proceeds were payable pursuant to terms and conditions already in existence when Chatman killed his wife. The “interest” referred to in section 732.802(4) obviously is not intended to cover this situation.
With this added explanation, I concur with the majority that the appealed judgment awarding the insurance policy proceeds to appellees must be reversed and the cause remanded with directions to enter judgment for appellant on his claim to the policy proceeds.